UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:05CV445

GARY ROSE, on behalf of himself and all )
others similarly situated, )
)
    Plaintiff, )
)
v. )
) **SECOND PROTECTIVE ORDER**
)
SLM FINANCIAL CORP. and )
SLM MORTGAGE CORPORATION-NC, )
)
Defendants. )
)

    Now come the parties, Gary Rose, on behalf of himself and all others similarly situated[1], ("Plaintiff"), Defendants SLM Financial Corp. and SLM Mortgage Corporation-NC (collectively, "Defendants"), and attorney Charles W. Bennett of Weaver, Bennett & Bland, P.A., hereby consent to the entry of the following Second Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

    1.    On or about September 7, 2007, Defendants served a subpoena on attorney Charles Bennett ("Mr. Bennett") of Weaver, Bennett & Bland, P.A., Matthews, North Carolina by certified mail. The subpoena requests copies of all "HUD-1 Settlement Statements signed by a borrower at a real estate closing in North Carolina for which SLM Mortgage Corporation-NC was the loan broker, between the dates of November 1, 1999, and July 31, 2004."

    2.    Because this lawsuit involves claims that Defendants did not accurately disclose the settlement charges that borrowers ultimately paid in order to obtain loans, obtaining accurate copies of these closing statements is necessary for a fair resolution of this action.

---

[1] Although Plaintiff Gary Rose seeks the Court's approval to represent a class of allegedly "similarly situated" individuals, Defendants SLM Financial Corp. and SLM Mortgage Corporation-NC specifically dispute that "similarly situated" individuals exist or that Mr. Rose's claims are suitable for class treatment. Notwithstanding the foregoing, the parties specifically request that this Second Protective Order be binding not only on them but also on any and all class members in the event Plaintiff's putative class is certified.

3. In response to the subpoena, Mr. Bennett notified Defendants that his legal files are organized by the name of the buyer in each real estate closing (the borrower). That storage system makes it very difficult for Mr. Bennett to locate responsive documents in a cost-effective way, because he cannot easily identify which borrowers used SLM Mortgage Corporation-NC to broker their loans without reviewing every loan file for the relevant period.

4. In order to facilitate Mr. Bennett's search for responsive documents, Mr. Bennett has requested and Defendants have agreed (subject to entry of this Order) to provide Mr. Bennett with a list of the names of the borrowers for whom Mr. Bennett might have responsive documents.

5. However, Defendants are obligated to protect against public disclosure of the identity of the individuals who sought and obtained loans through any of the Defendants.

6. In addition, protecting the identity of the individuals who sought and obtained loans brokered by any of the Defendants is consistent with the existing Protective Order in this action, which was entered by the Court on June 1, 2007.

7. As a result, the identification and production of documents responsive to the subpoena referenced above shall be handled as follows:

   a. Defendants shall provide Mr. Bennett (and not the Plaintiff) with a list of the names of the borrowers for whom Mr. Bennett might have responsive documents, so that he may search his files and respond to the subpoena.

   b. Further, Mr. Bennett is hereby instructed that he is only permitted to view that confidential list as is necessary to comply with the subpoena, and that he may not disclose the names to anyone other than as is necessary to identify and produce the responsive documents.

c. In the event it becomes necessary for any party to file the list identifying the individuals who obtained loans through one of the Defendants, the list shall be filed with the Clerk of Court under seal.

d. After reviewing his files, Mr. Bennett shall produce any responsive documents directly to counsel for the Defendants (and not to Plaintiff). Defendants will then redact the individual borrowers' private financial and identifying information before producing the additional documents to Plaintiff, as is required by the Protective Order entered by this Court on June 1, 2007.

e. When producing the redacted documents to Plaintiff, Defendants will provide sufficient information to tie each individual additional closing statement to its previously produced brokered loan file.

8. Finally, Mr. Bennett is hereby instructed that he is not required to seek consent from the individual borrowers before producing documents responsive to the subpoena.

9. The provisions of this Second Protective Order insofar as it restricts the disclosure, communication of and use of the list of borrower names shall continue to be binding after the conclusion of this action.

10. Violation of this Second Protective Order shall be treated as contempt by this Court and shall be subject to the appropriate sanctions in the discretion of the Court, including, but not limited to, those sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure, as it applies to the parties.

IT IS SO ORDERED.

Signed: October 17, 2007

David C. Keesler
United States Magistrate Judge